## CHARLES SIMPSON ET AL.
### V.
## GEORGE KINCAID.

*Sales—Contract of—Failure of Vendee to Execute—Fraudulent Representations—Instructions.*

In an action by vendors against vendee to recover damages for failure of vendee to complete the contract of sale, where the defense alleged was fraudulent representations of the vendors, and the evidence was conflicting, the judgment is reversed, the court below having omitted from the instructions for defendant, in stating what must be shown as a defense, a material element of such defense.

[Opinion filed February 4, 1890.]

APPEAL from the Circuit Court of Effingham County; the Hon. CARROLL C. BOGGS, Judge, presiding.

Mr. S. F. GILMORE, for appellants.

Messrs. RINEHART & WRIGHT, for appellee.

GREEN, J.   This suit was brought by the sellers to recover
damages for the breach of a contract for the purchase of a
stallion, by the purchaser.   The jury found a verdict for the
defendant, upon which a judgment for costs against plaintiffs
was rendered, and they took this appeal.   The defense relied
on was false representations made by the vendors.   The
defendant alone testified such false representations were made
to him, and he was flatly contradicted in this by Simpson and
another witness, and was also contradicted in other material
matters by the same witnesses, and by the father of Simpson,
another witness testifying on behalf of plaintiffs.   The court
gave the jury the following instructions on behalf of defendant:

"If the plaintiffs made false statements to the defend-
ant, knowing them to be false, in regard to the identity of the
horse in question, and falsely represented to the defendant
that the horse in question was the one to which Ogle had
bred his mares, and the one defendant said he had come to
buy, if they knew that such statements were false, and that
the horse they were selling defendant was not the one he
wanted to buy and thought he was buying, then defendant
was not bound to take the horse and the plaintiffs can not
recover."

"If the jury believe from the evidence that plaintiffs were
informed by defendant what horse he came to purchase, and
that they falsely represented that they had that horse, and
defendant relying on that representation agreed to buy their
horse, and if they further believe that such representations
were untrue, and that defendant afterward found out that
plaintiffs were knowingly selling him a different horse from
the one he had been induced by plaintiffs to believe he was
buying, then, if you find he did so induce the defendant,
then defendant was not bound to take the horse, and the
plaintiffs can not recover."

To the giving of each of these instructions exceptions were
duly taken on behalf of plaintiffs.

Conceding that the jury had the right to believe the testimony of defendant, and discredit the testimony of the witnesses who contradicted him, it must be admitted there was a sharp conflict in the evidence upon the material vital question of false representations, set up as a defense. In this condition of the evidence the instructions given should have been accurate. The foregoing instructions in effect called for a verdict in favor of defendant, without requiring the jury to find *from the evidence* certain *material* facts. Aside from other objections this omission made both instructions defective, and the error in giving them requires us to reverse the judgment of the Circuit Court and remand the cause.

*Reversed and remanded.*